IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-63,632-04




EX PARTE JOHN DANIEL FAILS, JR., Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 10,911-A IN THE 411TH DISTRICT COURT
FROM SAN JACINTO COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to failure to comply
with sex offender registration requirements, and was sentenced to two years’ imprisonment. He did
not appeal his conviction.
            Applicant contends, among other things,


 that his trial counsel rendered ineffective assistance
because counsel induced him to enter an involuntary and unknowing plea of guilty by giving
Applicant erroneous advice with regard to release on mandatory supervision. Applicant alleges that
counsel advised him that this offense was not a “3g” offense, and that he would be released to
mandatory supervision after serving eleven months, eight days of “flat time.” Applicant alleges that
he would not have pleaded guilty but for this erroneous advice, but would have insisted on going to
trial on the charges. Applicant also alleges that trial counsel failed to communicate adequately with
him prior to trial, and failed to investigate possible defenses to the charges. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claims of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether trial counsel
gave Applicant erroneous advice with regard to mandatory supervision eligibility or release. The
trial court shall make findings as to whether the performance of Applicant’s trial counsel was
deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: March 12, 2014
Do not publish